**SO ORDERED.**

**SIGNED this 20 day of January, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

BLUE WATER LAND DEVELOPMENT
COMPANY, LLC,

    DEBTOR.                                  Case No. 08-00842-8-JRL
                                                                     Chapter 11

| | |
|---|---|
| BANK OF AMERICA, N.A.,      ) | |
|                                           ) | |
|    PLAINTIFF              ) | |
| vs.                                  ) | |
|                                           ) | |
| BLUE WATER LAND DEVELOPMENT ) | |
| COMPANY, LLC; DEEPWATER    ) | |
| DEVELOPMENT COMPANY, LLC;    ) | Adversary Proceeding |
| DEVELOPMENT COMPANY OF      ) | No. L-08-00078-8-AP |
| COLUMBIA, LLC; MICHAEL K. LAM ) | |
| REALTY; MICHAEL K. LAM; LOREN ) | |
| HAMLIN; REX D. TILLETT; GLENN E. ) | |
| FUTRELL; and JOHN W. DIXON,   ) | |
|                                           ) | |
|    DEFENDANTS.           ) | |

## ORDER

      This matter is before the court on Loren Hamlin's motion for a protective order, or in the alternative motion to stay. A hearing was held on this matter on January 14, 2009 in Raleigh,

North Carolina.

## BACKGROUND

Mr. Hamlin allegedly engaged in a series of acts to convert money from Bank of America for the purpose of purchasing land on the Carolina coast. These alleged actions involved using the defendant, Blue Water Land Development Company, LLC, as an alter ego for moving certain funds. At the time of the alleged conversion, Mr. Hamlin was a vice-president of a Bank of America branch located in Kitty Hawk, North Carolina. Mr. Hamlin is no longer employed with Bank of America. The alleged actions are currently the subject of an ongoing federal investigation.

On February 8, 2008, Blue Water Land Development Company, LLC filed for relief under Chapter 11 of the Bankruptcy Code. Mr. Hamlin seeks a protective order against Bank of America, or in the alternative a motion to stay. The protective order sought would permit Mr. Hamlin to refrain from answering Bank of America's First Amended Complaint; as well as, any discovery served upon him during these bankruptcy proceedings. At hearing, Mr. Hamlin asserted that information he might contribute to this proceeding may impinge upon his rights as a potential defendant in a criminal matter.

## ANALYSIS

The Fifth Amendment states, "No person...shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V.; N.C. Const. Art. I, § 23. It is well established that Fifth Amendment rights may be invoked in a bankruptcy proceeding. In re Lufkin, 255 B.R. 204, 210 (E.D. Tenn. 2000) (citing McCarth v. Arndstein, 266 U.S.34, 45 S.Ct. 16 (1924)) . When a party invokes its Fifth Amendment privilege, adverse inferences may be drawn by the

finder of fact. In re Andreas, 373 B.R. 864, 875 (N.D. Ill. 2007) (citing Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct.1551, 47 L.Ed.2d 810 (1976)).  A party's silence, while constitutional, may be used against them.  Andreas, 373 B.R. 864, 875 (citing Nat'l Acceptance Co. of Am. v. Bathalter, 705 F.2d 924, 929 (7th Cir. 1983)).  Mr. Hamlin, therefore, may file an answer invoking his Fifth Amendment privilege.  The invocation, however, may be used against him as evidentiary material.

The court finds that if Mr. Hamlin desires to plead the Fifth Amendment, he may do so comprehensively.  Because evidentiary matters inevitably become complicated in a civil case where a parallel criminal case is pending, it is in the best interest of the civil case for the criminal matter to progress further.

Based on the foregoing, Lorin Hamlin's motion for a protective order is ALLOWED.  In addition, the action is stayed for six months.

**END OF DOCUMENT**